IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES R. KLONE, AND Husband and Wife; and REGINA KLONE, Husband and Wife;<br><br>        Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | 8:16CV78<br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

Defendant has moved to strike Plaintiffs' demand for a jury trial and to dismiss Plaintiff Regina Klone's loss of consortium claim. (Filing No. 17). For the reasons stated below, the jury trial demand will be stricken, and the undersigned magistrate judge recommends dismissal of Regina Klone's claim.

BACKGROUND

Plaintiff Charles Klone alleges he received improper and insufficient medical care and treatment at a medical facility operated by the Department of Veterans Affairs. Plaintiff Regina Klone alleges a companion claim for loss of consortium. These negligence claims against the United States of America are governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq. Plaintiffs' complaint demands a jury trial.

Prior to filing their federal lawsuit, Plaintiff Charles Klone timely filed an administrative tort claim with the Department of Veterans Affairs, but Plaintiff Regina Klone did not file a separate claim form. (Filing No. 18-1). The government argues the court must dismiss Regina Klone's loss of consortium claim pursuant to Fed. R. Civ. P. 12(h)(3) and Fed. R. Civ. P. 12(c). Plaintiff Regina Klone argues that by identifying her as the wife of Charles Klone on claim form submitted by her husband, the United States

received adequate notice that Regina Klone was seeking recovery for loss of consortium. The United States disagrees and moves to dismiss any claim by Regina Klone. The government also moves to strike Plaintiffs' jury demand pursuant to Fed. R. Civ. P. 39(a)(2).

## ANALYSIS

Before filing a federal lawsuit, an FTCA claimant must file an administrative claim against the United States pursuant to Section 2675(a). The administrative claim process is a jurisdictional prerequisite to filing an FTCA lawsuit. Mader v. United States, 654 F.3d 794, 807-08 (8th Cir. 2011); Allen v. United States, 590 F.3d 541, 544 (8th Cir. 2009) (holding failure to administratively exhaust Plaintiff's FTCA claim stripped the court of subject matter jurisdiction).

By marking a checkbox, Charles Klone's administrative claim states he is married. But the claim form never mentions Regina Klone, and never states anyone is demanding recovery for loss of consortium. (Filing No. 1, at CM/ECF p. 6).

> [Charles Klone's] claim did not notify the government that [Regina Klone] was also a claimant; nor did it state the amount of any claim she might have. It did . . . show that she is his wife, and the description of his injury may have suggested that she had suffered a loss of consortium. But this did not satisfy the purpose of the statute, "which is to require the reasonably diligent presentation of tort claims against the Government."

Manko v. United States, 830 F.2d 831, 840 (8th Cir. 1987). Under the Eighth Circuit's decision in Manko, Regina Klone's claim must be dismissed.

A FTCA action against the United States "shall be tried to the court without a jury." 28 U.S.C. § 2402; see also United States v. Neustadt, 366 U.S. 696, 701 n.10 (1961) ("There is no right to a jury trial under the Tort Claims Act."); Mader v. U.S., 654 F.3d 794, 797 n. 1 (8th Cir. 2011) ("FTCA actions must be tried to a judge, not a jury").

Plaintiffs concede this issue. (Filing No. 22, at CM/ECF p. 1). Plaintiffs' jury demand will be stricken.

Accordingly,

IT IS ORDERED that Defendant's motion to strike Plaintiffs' jury demand, (filing no. 17), is granted.

IT IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendant's partial motion to dismiss, (filing no. 17), be granted and Plaintiff Regina Klone's loss of consortium claim be dismissed without further notice.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge